United States District Court

Eastern District of California

Melvin George Coilton,

        Petitioner,                    No. Civ. S 05-0333 DFL PAN P

  vs.                                Findings and Recommendations

A. K. Scribner, Warden,

        Respondent.

-oOo-

    Petitioner is a state prisoner seeking a writ of habeas corpus, challenging his 1998 San Joaquin County conviction of rape, robbery, burglary and attempted murder, for which he is serving a term of 209 years and 8 months to life imprisonment.

    Respondent moves to dismiss the action as time-barred. 28 U.S.C. § 2244(d).

    In a prior habeas petition challenging the same conviction, Coilton v. Lamarque, Civ. S 01-1050 FCD GGH P, the court found petitioner's request the California Supreme Court review his

appeal was denied August 9, 2000.  Petitioner's conviction became final 90 days later, November 7, 2000, when the time to petition the United States Supreme Court for review expired, <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir. 1999), and the one-year limitation period began.

Sixty-nine days elapsed before petitioner signed a state habeas petition January 15, 2001, and filed it January 22, 2001, in the Monterey County Superior Court.  That petition was denied March 23, 2001, and the limitation period clock resumed running.

Petitioner filed his first federal habeas petition, in Civ. S 01-1051 FCD GGH P, May 29, 2001, and the court appointed counsel June 7, 2001.  That case was dismissed for failure to exhaust state remedies on June 24, 2002.  Pendency of that petition triggered no tolling.

Petitioner filed a second state habeas petition in the San Joaquin County Superior Court May 20, 2003, and that round of habeas litigation ended March 17, 2004, upon the California Supreme Court's denial of habeas relief.

The petition herein was filed February 22, 2005, although it purports to have been signed July 13, 2004.

The limitation period expired 296 days after March 23, 2001, viz., January 13, 2002, long before petitioner's second round of state habeas began in May 2003.

Petitioner suggests he may be entitled to equitable tolling. He alleges in his petition his legal property was seized and destroyed by prison officials at Salinas Valley State Prison on

June 18, 2000.  However, he fails to explain how this seizure caused delay in seeking habeas relief; at any rate he possessed sufficient documentation to file a state habeas petition in January 2001 and a federal petition in May 2001.  Petitioner was represented by a lawyer from June 2001 to June 2002; thus his bid for tolling during that time based on lack of library access, mental problems and conditions in segregated housing fails. Petitioner alleges an officer at Corcoran State Prison confiscated and destroyed his legal property in 2002, but he fails to show that caused delay in seeking habeas relief. Petitioner's opposition to dismissal alludes to mental health problems in 2005 and emotional upset from death of family members in 2004 and 2005, but this fails to account for delay between March 2001 and March 2003.  Nor does petitioner explain why he purportedly signed the petition herein in July 2004 but then waited until February 2005 to file it.

   Petitioner fails to meet his burden in opposing dismissal. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (once petitioner is notified his habeas petition is subject to dismissal based on AEDPA's limitation period and the record indicates the petition fell outside the one-year period, he has the burden of demonstrating that the limitation period was sufficiently tolled).

   Accordingly, the court hereby recommends respondent's June 28, 2005, motion to dismiss be granted and this action be dismissed as untimely.

1   Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
2  findings and recommendations are submitted to the United States
3  District Judge assigned to this case.  Written objections may be
4  filed within 10 days of service of these findings and
5  recommendations.  The document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendations."  The district
7  judge may accept, reject, or modify these findings and
8  recommendations in whole or in part.
9   Dated:  November 22, 2005.

                    /s/ Peter A. Nowinski
                    PETER A. NOWINSKI
                    Magistrate Judge